IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cv-0114-DGK ) ) |
| ALLEN LEE, et al., | ) ) |
| Defendants. | ) ) |

## ORDER DENYING MOTION TO DISMISS

This declaratory judgment action arises from an accident in which a nine-year-old girl sustained a brain injury when she fell from a golf cart owned by Defendants Allen and Heather Lee ("the Lees"), while the cart was being operated by Defendant Shannon Peck. Plaintiff Allstate Insurance Company ("Allstate") is suing for a declaration that there is no coverage for the girl's claim under the homeowners policy it sold to the Lees.

Now before the Court is a motion by the girl's parents, Defendants Mary and Jonathan Cloe ("the Cloes"), to dismiss for lack of subject matter jurisdiction, and alternately, to extend the time to respond to the complaint. ECF No. 7. Allstate's Complaint alleges the Court possesses original jurisdiction to hear the case pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332(a). Compl. ¶ 24, ECF No. 1. The Cloes argue the Court lacks diversity jurisdiction to hear this case because Allstate has not shown the amount in controversy exceeds $75,000.

Finding that the cost to Allstate to defend and indemnify the underlying litigation will exceed $75,000, the motion to dismiss for lack of subject matter jurisdiction is DENIED. The Cloes' request to extend their time to respond to the Complaint until 14 days after this order is issued is GRANTED.

**Standard**

A case falls within a district court's original diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party invoking federal jurisdiction bears the burden of proving the requisite amount by a preponderance of the evidence. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). The removing party need not prove that "the damages *are* greater than the requisite amount," but that "the claims . . . could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (citations omitted).

In a declaratory judgment action such as this one where an insurer sues to determine its obligations to defend and indemnify, the amount in controversy equals the probable costs of defense and indemnification of the underlying litigation. *Am. Fam. Mut. Ins. Co. v. Vein Ctrs. for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019). The amount in controversy requirement may be satisfied even where the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum. *Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020). The amount in controversy is measured by "the value to the plaintiff of the right sought to be enforced." *Am. Fam. Mut.*, 912 F.3d at 1081. Where the amount in controversy is disputed, federal courts may look at the size of judgments received by others with similar claims to determine the amount in question. *See*, *e.g.*, *Turntine*, 959 F.3d at 881 (performing amount in controversy analysis by citing cases involving similar injuries in which "plaintiffs . . . have been awarded in excess of $75,000 in actual damages.")

2

## Discussion

Here, Allstate contends—and the Cloes do not dispute—that their daughter suffered a brain injury which required surgery and treatment from a neurologist. Allstate has cited several Missouri cases where a young child with a brain injury which required surgery and neurologic treatment received an eight-figure judgment. The Court also agrees with Allstate's observation that the conservative estimate of the litigation cost to defend such a claim exceeds $75,000. The Court further notes that Movants do not contest Allstate's evidence or argument. Hence, the Court concludes Allstate has carried its burden of showing the combined cost of the probable cost of defense and indemnification in this case easily exceeds $75,000, so the amount in controversy requirement is met.

As for the Cloes' alternate request to extend the time to respond to the Complaint to 14 days after this order is issued, the request is granted for good cause shown.

## Conclusion

The motion to dismiss for lack of subject matter jurisdiction is DENIED. The request to extend the Cloes' time to respond to the Complaint is GRANTED.

**IT IS SO ORDERED.**

Date: June 10, 2022　　　　　　　　　　　　/s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT